JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WILSON, on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>FARMERS GROUP, INC. EMPLOYEES' PROFIT SHARING SAVINGS PLAN TRUST, et al.,<br><br>　　　　　Defendants. | Case No. CV10 05089-MWF (AJWx)<br><br>**FINAL JUDGMENT AND ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND DISMISSING ALL CLAIMS WITH PREJUDICE**<br>**[110, 103]** |
| EDWARD SMITH, et al.,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>FARMERS GROUP, INC. EMPLOYEES' PROFIT SHARING SAVINGS PLAN TRUST, et al.,<br><br>　　　　　Defendants. | |

1

WHEREAS, Plaintiffs' Motion For Final Approval of Class Action Settlement, Award of Attorney Fees, Costs, Incentive Awards and Settlement Administrative Fees (Docket No. 110) was filed on July 9, 2012, and heard on July 23, 2012, before the Honorable Michael W. Fitzgerald in Courtroom 1600;

WHEREAS, Plaintiffs' Motion for Award from Class Settlement of (a) Class Counsel Attorney Fees; (b) Class Counsel's Costs; and (c) Incentive Award Payments to named Class Members (Docket No. 103) was filed on March 20, 2012, and heard on July 23, 2012, before the Honorable Michael W. Fitzgerald in Courtroom 1600;

WHEREAS, the Court (The Honorable Jacqueline H. Nguyen, then United States District Judge) previously considered the parties' Settlement Agreement and Release of Claims (the "Agreement") and preliminarily approved the same on March 6, 2012, as set forth in the Order Granting Motion for Preliminary Approval of Class Action Settlement (Docket No. 102 (attaching the Agreement as Exhibit A thereto));

WHEREAS, the Court (Judge Nguyen) entered an Order directing that Notice be given to the Class Members identified by Defendants pursuant to §1.23 of the Settlement Agreement, Defendant identified 3,505 such Class Members, Notice was mailed to those Class Members, and the Court conducted a Fairness Hearing concerning the proposed settlement;

WHEREAS, the Court heard argument in support of the settlement and reviewed all of the evidence and other submissions presented with respect to the settlement and the record of all proceedings in this case;

NOW, THEREFORE, GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. To the extent defined in the Agreement, the terms in this Judgment shall have the meanings set forth therein. The Agreement, together with all of its exhibits (as filed with the Court), is incorporated herein by reference.

2. The Court has jurisdiction over the subject matter of the Litigation, Defendants, Plaintiffs, Plaintiffs' Counsel, and the Class Members.

3. The Court confirms that the class definition certified by the Court in its Order dated February 18, 2011, has been amended, as set forth in the Order Granting Preliminary Approval, to read:

> All participants and beneficiaries of the defendant FARMERS GROUP, INC. EMPLOYEES' PROFIT SHARING SAVINGS PLAN TRUST who have received overtime compensation from the *Bell* Litigation for work performed before August 31, 2004, but whose Profit Sharing Plan accounts were not credited for such compensation.

4. The Order Granting Preliminary Approval directed that Notice be given to the Class Members of the proposed settlement. On March 20, 2012, the Defendants identified 2,067 Class Members and on March 30, 2012, the Settlement Administrator caused the Notice to be mailed to those 2,067 Class Members. In early May 2012, Defendants identified an additional 1,380 persons who were in the class definition and on May 4, 2012, the Settlement Administrator caused the Notice to be mailed to those additional 1,380 Class Members. In early June 2012, Defendants identified an additional 58 class members and notice was sent to those class members on June 15, 2012.

5. And on July 17, 2012, the Settlement Administrator filed with the Court proof of mailing of the Notice to all 3,505 Class Members. (Docket No. 111). The Court approved the form and content of the mailed Notice and has determined that the Notice fully and accurately informed those Class Members of the settlement terms, constituted the best notice practical under the circumstances, and fully complied with Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.

6. After considering (i) whether the Agreement was a product of fraud or collusion; (ii) the complexity, expense, and likely duration of the Litigation; (iii) the stage of the proceedings and amount of discovery completed; (iv) the factual and legal obstacles to prevailing on the merits; (v) the possible range of recovery;

and (vi) the respective opinions of the Parties, including Plaintiffs, Class Counsel, Defendants, and Defendants' Counsel, the Court finally approves the settlement and all terms set forth in the Agreement, including the plan of allocation (as amended in this paragraph), in all respects as fair, reasonable, adequate, and in the best interests of the Class Members pursuant to Federal Rule of Civil Procedure 23(e).  The Agreement was the product of good-faith, informed, arms'-length negotiations by the Parties, each of whom was represented by experienced counsel.  Any and all objections to the Agreement, Class Counsel's request for approval of the Attorneys' Fees and Costs Award and Class Representative Incentive Payments have been considered and are hereby found to be without merit and are overruled.  The Court awards Class Counsel **$1,712,500** of the Class Settlement Amount as the Attorneys' Fees and **$10,856.22** in costs.  It also awards Plaintiffs Edward Smith, Leonard Valvo and David Wilson, who were deposed, **$14,000** each, and Plaintiff David Folck **$12,000**, as their Class Representative Incentive Payments, which also will be paid out of the Class Settlement Amount.  These awards are within the range of reasonableness and are not opposed by Defendants.

      7.    The Parties are ordered to consummate the settlement in accordance with the terms of the Agreement.

      8.    The Court confirms that Rust Consulting, Inc. has and will continue to serve as the Settlement Administrator for purposes of mailing the Individual Settlement Payments and overseeing the administration of the implementation of the Agreement, and the Settlement Administration Costs of **$45,219** will be paid from the Class Settlement Amount as set forth in the Agreement.

      9.    The terms of the Agreement, including all Exhibits to the Agreement, and this Judgment and Order shall be forever binding on the Class Members.  Without limiting the scope of the Agreement or the releases set forth therein, Plaintiffs, the Class Members, and Class Counsel release the following claims:

4

(a) By operation of the entry of the Final Judgment, and except as to such rights as may be created by the Agreement, Plaintiffs and each individual Class Member, and each of their respective executors, administrators, representatives, agents, heirs, successors, assigns, trustees, guardians, and all those who claim through them or assert claims on their behalf (including the federal or any state government in its capacity as *parens patriae*), forever and fully releases each of the Defendants, FIE, and each of its and their past, present, or future units, component entities, owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, attorneys-in-fact, insurers, parent companies, divisions, subsidiaries (whether or not wholly owned), affiliates, policyholders, benefit plans, including profit sharing, pension, health, savings, and any other employee benefit plans of any nature, the plan fiduciaries and/or administrators, the plan sponsors and all persons acting by, through, under or in concert with any of them, including any party that was or could have been named as a defendant in the Litigation (collectively, the "Releasees") from any and all claims, demands, and causes of action of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law, which any such Class Member has or might have, known or unknown, suspected or unsuspected, matured or unmatured, fixed or contingent, apparent or concealed, of any kind whatsoever, that are based upon or arise out of the facts, claims, or causes of action alleged in any of the complaints filed in the *Wilson* Action, the *Smith* Action or the *Folck* Action, whether or not previously brought before any state or federal court or any state or federal or any other governmental agency ("Released Claims"). This release does not include any claims that cannot be waived as a matter of law, but Plaintiffs and the Class Members

1    agree that they will not accept any monetary recovery from any proceedings
2    relating to such claims.

3            (b)      Plaintiffs and the Class acknowledge that they may hereafter
4    discover facts or law different from, or in addition to, the facts or law they
5    know or believe to exist with respect to a Released Claim.  They agree,
6    nonetheless, that the Agreement and the releases contained in it shall be and
7    remain effective in all respects notwithstanding such different or additional
8    facts or law regarding such Released Claims.  Upon execution of the
9    Agreement, Plaintiffs and the Class shall be deemed to have fully, finally,
10    and forever settled, released, and assumed the risk of any and all such
11    Released Claims.  The release contained in the Agreement includes a waiver
12    of all rights under Section 1542 of the California Civil Code.  No claims,
13    causes of action, demands, debts, obligations, liabilities, or agreements
14    (whether known or unknown, suspected or unsuspected) encompassed
15    within the Released Claims are reserved.  California Civil Code Section
16    1542 reads as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs acknowledge that they have read all of the Agreement, including the above Civil Code section, and that they fully understand both the Agreement and the Civil Code section.  Plaintiffs and the Class expressly waive any benefits and rights granted to them pursuant to Civil Code section 1542 or any statute, rule, or principle of common law or equity, in any jurisdiction, that is similar to Civil Code Section 1542.  Plaintiffs acknowledge and agree that this knowing and voluntary waiver of the

provisions of California Civil Code Section 1542 is an essential and material term of the Agreement, and the Agreement would not have been entered into without such a waiver.

(c)  Release of Fees and Costs for Settled Matters.  Class Counsel and Plaintiffs, on behalf of the Class and each individual Class Member, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that they may have against Defendants or any Releasee for attorneys' fees or costs associated with the representation of Plaintiffs and the Class, except for the **$1,712,500** in attorneys' fees and **$10,856.22** in costs sought as contemplated by Section 3.2 of the Agreement.  It is the Parties' understanding and agreement that any attorneys' fees and costs payments approved by the Court subject to the terms of the Agreement will be the full, final, and complete payment of all attorneys' fees and costs associated with all claims settled in the Agreement and the Litigation.

10.  All Class Members are permanently enjoined from pursuing and/or seeking to reopen claims that have been released by the Agreement and hereby dismissed with prejudice.

11.  The Parties dispute the validity of the claims in the Litigation, and their dispute underscores not only the uncertainty of the outcome but also why the Court finds the Agreement to be fair, reasonable, adequate, and in the best interests of Class Members.  The Court recognizes that Defendants have denied and continue to deny Plaintiffs' and Class Members' claims.  Neither the Agreement, this Judgment and Order, any papers or actions related to the settlement, nor the fact of settlement shall be deemed or used as a finding or conclusion of the Court, or an admission of the Defendants, or any other Releasee, of any fault, omission, mistake, or liability, and shall not be offered as evidence of any claimed liability in this or any other proceeding.  Evidence of the Agreement and this Court's Orders approving it shall be admissible only in proceedings to enforce the Agreement or

this Judgment and Order, but not as an admission of liability in the underlying Litigation.

12. The Litigation, as that term is defined in the Agreement, is hereby dismissed with prejudice and without fees or costs to any party except as expressly set forth in this Judgment and Order and the Agreement. Plaintiff Folck is ordered to dismiss with prejudice his appeal pending in the Court of Appeals for the Ninth Circuit, denominated No. 10-55540, as required by the Agreement.

13. Any person or entity wishing to appeal this Judgment and Order may be required to post a bond with this Court as a condition to prosecuting the appeal.

14. If the Effective Date, as defined in the Agreement, does not occur for any reason whatsoever, this Judgment and Order and the Order Granting Preliminary Approval shall be deemed vacated and shall have no force or effect whatsoever, and the Litigation shall proceed as if no settlement has been attempted.

15. Without affecting the finality of this Judgment and Order in any way, this Court shall have continuing and exclusive jurisdiction over the implementation and enforcement of the Agreement in accordance with its terms and other matters related or ancillary to the foregoing.

16. The Parties having so agreed, good cause appearing, and there being no just reason for delay, it is expressly directed that this Final Judgment and Order Granting Motion for Final Approval of Class Action Settlement and Dismissing All Claims with Prejudice be, and hereby it is, entered as a final and appealable order.

Dated: July 24, 2012

MICHAEL W. FITZGERALD
United States District Court Judge